UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80493-CIV-MARRA/MATTHEWMAN

GLORIA CALDAROLA,

    Plaintiff,

vs.

ROSNER REALTY LLC, a Florida
limited liability company,

    Defendant.
_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Complaint or, Alternatively, Motion for More Definite Statement [DE 9]. Plaintiff Gloria Caldarola ("Plaintiff") responded to the motion [DE 13]. No reply memorandum was filed. The Court has carefully considered the motion and the response and is otherwise fully advised in the premises.

### I.  Introduction

Plaintiff has filed an action for declarative and injunctive relief pursuant to Title III of the Americans with Disabilities Act , 42 U.S.C. § 12181 et seq. ("ADA") against Defendant Rosner Realty LLC ("Defendant"). According to the Complaint, Defendant is the owner (and one of three tenants) of a retail establishment commonly referred to as the "Rosner's Shopping Plaza," located at or about 1480 S. Military Trail, West Palm Beach, Florida. (Compl. ¶ 6; Response at 1). Plaintiff is a

disabled individual, and "tester," whose access to Defendant's property was restricted and limited due to her disabilities.  Defendant moves to dismiss the Complaint, or alternatively, seeks a more definite statement asserting that Plaintiff has failed to plead facts sufficient to state a claim or demonstrate standing. Alternatively, Defendant argues that Plaintiff should be required to plead a more definite statement.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

In her Complaint, Plaintiff alleges that she is a resident of Palm Beach County, Florida, that she is disabled from the effects of multiple sclerosis, and is substantially limited in performing major life activities, including walking, performing manual tasks, standing, bending, grasping and lifting. Compl. ¶2. Plaintiff uses a wheelchair to ambulate. Plaintiff alleges that she personally visited Defendant's premises and was personally limited by the barriers present there. She claims her access will be restricted in the future unless Defendant is compelled to remove physical barriers to access and cure the ADA violations that exist at the property. She states she will visit the premises to avail herself of the goods and services offered to public at the property once the property is made accessible and ADA-compliant. *Id*.

Plaintiff has identified a list of unlawful physical barriers and dangerous conditions which preclude her, due to her disabilities, from accessing Defendant's property and fully enjoying the goods, services, facilities, privileges, advantages of the accommodations. (Compl. ¶ 17.) These include the following alleged non-

compliant items:

**Parking**

a. The disabled use spaces do not have clear and level access aisles provided, violating Section 4.1.2 and 4.6.3 of the ADAAG.

b. There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

c. There are incorrect signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG.

d. The ramps provided from the parking areas to the facility have slopes, side-slopes, and/or cross slopes in excess of the limits prescribed in Section 4.8 of the ADAAG.

e. There are no proper handrails provided for the ramps from the parking areas to the facility, in violation of Section 4.8.5 of the ADAAG.

f. The accessible parking spaces are improperly dispersed and marked as per U.S. Dep't of Transp., Manual on Uniform Traffic Control Devices, Pt. 3, § 3A.05 (2000) (striped in white and prominently outlined in blue), and in violation of Section 4.6.2 of the ADAAG.

g. There is a disabled use space and/or unloading area located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG.

**Entrance Access and Path of Travel**

h. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

i. The doors of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

j. There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.8.2, 4.8.4 and 4.8.6 of the ADAAG.

    k.      There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6 and 4.7.9 of the ADAAG.

    l.      There is not a continuous path of travel connecting all essential elements of the facility, violating Sections 4.3.1 and 4.3.2 of the ADAAG.

    m.      There is no means of emergency egress or area of rescue assistance provided at the facility, violating the requirements of Section 4.3.10 of the ADAAG.

### Access to Goods and Services

    n.      There are protruding objects present throughout the facility, in violation of Section 4.4 of the ADAAG.

    o.      There are permanently designated interior spaces without proper signage in violation of Section 4.30.6 of the ADAAG.

    p.      There are restrooms for public use at the facility without the required disabled use elements, in violation of several sections of the ADAAG.

    q.      There is insufficient clear floor space to access goods or services at the facility, in violation of several sections of the ADAAG.

Compl. ¶ 17.  Plaintiff alleges the removal of these physical barriers and dangerous conditions are "readily achievable." (Compl. ¶ 19.)  Plaintiff alleges she is suffering irreparable harm and anticipates that she will continue to suffer irreparable harm unless Defendant removes the physical barriers and dangerous conditions. (Compl. ¶¶ 20-21.)

      Defendant moves to dismiss the Complaint, claiming that Plaintiff's "boilerplate" allegations are insufficient to state a plausible cause of action against Defendant, or to establish standing.  Defendant complains that Plaintiff's use of "and/or" in a few paragraphs "does not relate facts pertinent to this [p]roperty, her

purported visit to the [p]roperty, or her purported injuries." Plaintiff further asserts that "specific ultimate facts," are missing, such as the date she actually visited, the tenant she attempted to visit, and how she actually suffered ADA discrimination, injury, or embarrassment.

A plaintiff alleging Title III ADA discrimination must initially prove that (1) she is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a). To meet the burden of proof in discrimination cases focused on pre-existing buildings, a plaintiff must present evidence of a barrier, the removal of which is "readily achievable." Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1273 (11th Cir. 2006); see Access Now, Inc. v. S. Fla. Stadium Corp., 161 F. Supp. 2d 1357, 1362 (S.D. Fla. 2001) (discrimination includes "a private entity's failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable.") (internal quotation marks omitted); see also 42 U.S.C. § 12181(9) ("'[R]eadily achievable' means easily accomplishable and able to be carried out without much difficulty or expense.").

After careful consideration, the Court finds that Plaintiff has properly pled a Title III ADA discrimination claim. Plaintiff has alleged that she is disabled due to the effects of multiple sclerosis, uses a wheelchair to ambulate, and is substantially limited in performing major life activities such as walking, performing manual tasks,

standing, bending, grasping and lifting. (Compl. ¶ 2.)  The Court finds that this allegation meets the pleading requirement of demonstrating that Plaintiff is a disabled individual.  See 29 C.F.R. § 1630.2(g)(1)(i) ("disability means, with respect to an individual[,] a physical or mental impairment that substantially limits one or more major life activities of such individual);  42 U.S.C. § 12102(2)(A) ("major life activities include . . . walking . . . .").  Likewise, the Court finds that by pleading that Defendant is the owner of Rosner's Shopping Plaza (Compl. ¶ 6), Plaintiff has adequately alleged the second element of the prima facie case.  42 U.S.C. 12181(7)(E) and (F); see Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1240 (11th Cir. 2000) (noting that Congress provided for a "comprehensive definition of 'public accommodation'" in Title III of the ADA); Ramnarine v. Epic Realty of Ohio II, LLC, No.10-81162-CIV, 2011 WL 52410,  at * 1-2 (S.D. Fla. Jan. 6, 2011) (allegation that the defendant is a shopping center meets the requirement of a "public accommodation.")  Next, the Court concludes that, by listing various physical barriers and ADA violations that preclude or limit Plaintiff's ability to access Defendant's property (Compl. ¶ 17), Plaintiff has alleged Defendant discriminated against her.  Finally, the Court finds that Plaintiff adequately alleged that the removal of the barriers at the property is readily achievable. (Compl. ¶ 19.)

     The Court disagrees with Defendant's argument that the Complaint fatally lacks specificity because she did not plead the date she visited the shopping center, she did not indicate which of the three tenants she attempted to access, and her use

of the term "and/or" renders her pleading too vague.  Instead, the Court finds that the Complaint gives Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a).  The Complaint alleges that the various barriers limit Plaintiff's ability to enjoy full and safe access to, and the benefits of the services offered at Defendant's premises (Compl. ¶ 15).   The Complaint also alleges that Plaintiff continues to desire to visit Defendant's premises but is unable to due to the architectural barriers which remain at Defendant's premises in violation of the ADA (*id*.).  Based on these allegations, the Court finds that Plaintiff has afforded Defendant ample notice of what the case involves and satisfies the pleading requirements articulated in Twombly and Iqubal.  To the extent Defendant seeks more specific allegations, such as how Plaintiff was impacted by each alleged ADA violation, or the details of the real site visit or scenario of discrimination, discovery will provide that specificity.  It can properly be inferred that the physical barriers identified in the Complaint would prevent access to a wheelchair-bound individual.

Turning now to Defendant's claim that Plaintiff, as a "tester," lacks standing, the Court begins by observing that Article III only grants federal courts judicial power to decide actual cases and controversies.  Allen v. Wright, 468 U.S. 737 (1984).   The constitutionally minimum requirements for standing are (1) the plaintiff must have suffered, or must face an imminent and not merely hypothetical prospect of suffering, an invasion of a legally protected interest resulting in a "concrete and

particularized" injury; (2) the injury must have been caused by the defendant's complained-of actions and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate - as opposed to a merely conjectural or hypothetical - threat of future injury." Wooden v. Board of Regents of University System of Georgia, 247 F.3d 1262, 1284 (11th Cir. 2001). With respect to ADA cases, "courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

With this standard in mind, the Court finds that Plaintiff has properly alleged standing. Plaintiff has alleged an injury in fact, given that, as a disabled individual living in Palm Beach County, she was discriminated against by Defendant when she attempted to enjoy Defendant's property, and she faced numerous barriers to accessibility. (Compl. ¶ ¶ 2, 14-15) Plaintiff has alleged a casual connection between this injury in fact and the action of Defendant, by explaining that the barriers to access involving path of travel and parking at this property, restricted and will continue to restrict her ability to full and equal enjoyment of the property. *Id*.

### IV. Conclusion

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint or, Alternatively, Motion for More Definite Statement [DE 9] is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of February, 2014.

_____
KENNETH A. MARRA
United States District Judge